UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LAURA KORNYLAK,**

**Plaintiff,**

**v.** **Case No: 5:25-cv-618-WFJ-PRL**

**L.R. HICKS, et al.,**

**Defendants.**

---

# ORDER

This matter comes before the Court on Defendants L.R. Hicks, Lakiesha Farmer-Brewton, and Warden Nan Jeffcoat's Motion to Dismiss Plaintiff's Complaint. (Doc. 25). Plaintiff, proceeding *pro se*, responded. (Doc. 27). After briefing by the parties, the Court grants the motion.

## I. Allegations of the Complaint (Doc. 1)

On September 22, 2022, Plaintiff was transferred from the Virginia Department of Corrections ("VA DOC") to the Florida Department of Corrections ("FDOC") through an interstate compact between the VA DOC and FDOC. (Doc. 1 at 5). Plaintiff claims the transfer was due "because of [the] VA DOC's inability to properly manage the A.D.A mentally disabled plaintiff discontinuing her psychotropic medication and refusing to house her alone." *Id.* As part of the intake process Plaintiff

was strip searched. *Id.* at 6. During the search, Defendant Sgt. Hicks[1] directed Plaintiff to "open her vagina lips." *Id.* Plaintiff states that that is not part of normal FDOC protocol. *Id.* In response to that directive, Plaintiff asserts she was "aggitated [sic] from travel, not served lunch and offended[.]" *Id.* Plaintiff stated, "What are you talking about open my vagina lips?" and "raised her arm while talking in a non-threatening manner." *Id.* Sgt. Hicks responded by commanding Plaintiff to "get on the ground." *Id.* Plaintiff claims she immediately complied and was "faced down naked on the tile floor" when Sgt. Hicks sprayed her "unnecessarily with mace." *Id.* Plaintiff had "a state gown pulled over her head" and was placed against the wall, shackled, handcuffed, and "dragged barefoot to confinement." *Id.* Plaintiff was issued a disciplinary infraction and was charged with disorderly conduct. *Id.* at 7. Two days later, Plaintiff was reissued the disciplinary infraction and was charged with assault. *Id.* Plaintiff was found guilty of the infraction and was recommended for close management I, a 24-hour long term super-max confinement, by Defendant Farmer-Brewton. *Id.* Plaintiff claims that "[d]ue to the false charge issued by Hicks the Plaintiff served over two years in 24 hour, super-max, confinement." *Id.*

Plaintiff claims that Sgt. Hicks used excessive force in violation of the Eighth Amendment. (Doc. 1 at 10). She further claims that her removal from general population resulted in cruel and unusual punishment and violated her due process rights. *Id.*

---

[1] The Court notes that Plaintiff identifies an individual presumed to be Sgt. Hicks as a female via the use of female pronouns. (Doc. 25-3 at 8).

## II. Standard of Review

A *pro se* complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519 (1972). On a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Court must view the allegations in the complaint in the light most favorable to the plaintiff, and consider the allegations in the complaint, including all reasonable inferences, as true. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Even so, the complaint must meet certain pleading requirements. Under Rule 12(b)(6), a complaint that fails to "state a claim upon which relief can be granted" is subject to dismissal. In reviewing a motion to dismiss, a court considers the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322–23 (2007). To withstand a motion to dismiss, the complaint must state a claim to relief that is plausible on its face; that is, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Conclusory allegations, unwarranted factual deductions or

legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Further, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679.

## III. Discussion

Defendants assert that the Complaint should be dismissed because Plaintiff failed to exhaust her administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act ("PLRA"). (Doc. 25 at 4–10).

### A. PLRA Exhaustion

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust their administrative remedies before pursuing a civil rights action:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court of the United States has held that exhaustion requirement in § 1997e requires "proper exhaustion," such that "a prisoner must exhaust all prescribed administrative remedies available to him or her before filing a lawsuit to seek judicial redress." *Garcia v. Glover*, 197 F. App'x 866, 868 (11th Cir. 2006) (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). "There is no question that exhaustion is mandatory under

the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

The exhaustion requirement is an affirmative defense, and a prisoner is not required to plead or demonstrate exhaustion in his complaint. *Jones*, 549 U.S. at 216. However, a complaint may be dismissed under 28 U.S.C. § 1915A(b) if lack of exhaustion appears on the face of the complaint. *Id.* at 214–15 (noting that the Federal Rules of Civil Procedure generally apply to section 1997(e) and Rule 12(b)(6) allows for dismissal when an affirmative defense appears on the face of the complaint).

Although the PLRA makes clear that exhaustion of administrative remedies is mandatory, "that edict contains one significant qualifier: the remedies must indeed be 'available' to the prisoner." *Ross v. Blake*, 578 U.S. 632, 639 (2016). The Supreme Court has outlined three circumstances under which administrative remedies could be "unavailable," meaning that an inmate would not be required to exhaust them. *See id.* at 642. First, if, despite attempts by prison inmates to file grievances, "officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates," that procedure is a "dead end" and incapable of providing relief. *Id.* at 643. Second, an administrative remedy is unavailable if it is so opaque that it is unknown or unknowable to the inmates. *See id.* at 643–44; *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1323–24 (11th Cir. 2007). Third, where prison employees prevent inmates from taking advantage of grievance procedures through "machination, misrepresentation, or intimidation," those procedures are unavailable as well. *See Ross*, 578 U.S. at 644.

The determination of whether an inmate exhausted their available administrative remedies prior to pursuing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss or be treated as such if raised in a summary judgment motion. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (citation omitted). Because failure to exhaust administrative remedies is an affirmative defense, the defendant bears "the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The Eleventh Circuit has articulated a two-step process that the Court must employ when examining the issue of exhaustion of administrative remedies.

> After a prisoner has exhausted the grievance procedures, he may file suit under § 1983. In response to a prisoner suit, defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies. *See Turner*, 541 F.3d at 1081. In *Turner v. Burnside* we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. *Id.* Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. *Id.* at 1082–83; *see also id.* at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

*Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015); *see Pavao v. Sims*, 679 F. App'x 819, 823–24 (11th Cir. 2017) (per curiam).

**B. FDOC Grievance Procedure**

State law "determines what steps are required to exhaust." *Dimanche v. Brown*, 783 F.3d 1204, 1207 (11th Cir. 2015); *see also Jones*, 549 U.S. at 218 (stating that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). The FDOC provides an internal grievance procedure for its inmates. *See* Fla. Admin. Code R. 33-103.001–33-103.018. Generally, to properly exhaust administrative remedies, a Florida state prisoner must complete a three-step sequential process. First, an inmate must submit an informal grievance at the institutional level to a designated staff member responsible for the specific problem. *See* Fla. Admin. Code R. 33-103.005. If the issue is not resolved, the inmate must submit a formal grievance at the institutional level. *See* Fla. Admin. Code R. 33-103.006. If the matter is not resolved through formal and informal grievances, the inmate must file an appeal to the Office of the FDOC Secretary. *See* Fla. Admin. Code R. 33-103.007. However, under certain specified circumstances, an inmate can bypass the informal-grievance stage and start with a formal grievance at the institutional level. *See* Fla. Admin. Code R. 33-103.005(1); 33-103.006(3). Or an inmate can completely bypass the institutional level and proceed directly to the Office of the FDOC Secretary by filing a "direct grievance." *See* Fla. Admin. Code R. 33-103.007(3). Emergency grievances and grievances of reprisal are types of "direct grievances" that may be filed with the Office of the FDOC Secretary. *See* Fla. Admin. Code R. 33-103.007(3)(a).

Florida Administrative Code Rule 33-103.011 provides time frames for the submission of grievances. Informal grievances must be received within twenty days from the date on which the grieved incident or action occurred. *See* Fla. Admin. Code R. 33-103.011(1)(a). Formal grievances must be received no later than fifteen days from the date of the response to the informal grievance. *See* Fla. Admin. Code R. 33-103.011(1)(b). Similarly, grievance appeals to the Office of the FDOC Secretary must be received within fifteen days from the date that the response to the formal grievance is returned to the inmate. *See* Fla. Admin. Code R. 33-103.011(1)(c). According to Rule 33-103.014, an informal grievance, formal grievance, direct grievance, or grievance appeal "may be returned to the inmate without further processing if, following a review of the grievance, one or more . . . conditions [for return] are found to exist." Fla. Admin. Code R. 33-103.014(1). The rule provides an enumerated list as "the only reasons for returning a grievance without a response on the merits." *See* Fla. Admin. Code R. 33-103.014(1)(a)–(y). A grievance can be returned without action if it: is untimely; "addresses more than one issue or complaint;" is "so broad, general or vague in nature that it cannot be clearly investigated, evaluated, and responded to;" is "not written legibly and cannot be clearly understood;" is a supplement to a previously-submitted grievance that has been accepted for review; does not "provide a valid reason for by-passing the previous levels of review as required or the reason provided is not acceptable;" or does not include the required attachments. *See* Fla. Admin. Code R. 33-103.014(1).

**C. Plaintiff's Exhaustion Efforts Under the PLRA**

Defendants assert that Plaintiff failed to properly exhaust her administrative remedies before filing this lawsuit. *See* Doc. 25 at 4–10. In support of their contentions, Defendants reference Plaintiff's grievance attempts. *Id.* From September 22, 2022, to January 31, 2024, Plaintiff filed 114 informal grievances, 26 formal grievances, and 30 grievance appeals. *See* Doc. 25 at 7; Doc. 25-2 at 2–100; Doc. 25-3 at 2–72; Doc. 25-4 at 2–126. Of these, the following grievances are relevant to the claims alleged in the Complaint:

1. Grievance No. 2210-368-007

On October 6, 2022, Plaintiff submitted a grievance to the Warden, describing the events that her Complaint is based on. (Doc. 25-3 at 8). The grievance notes that she was charged with "disorderly" which was then increased to "assault on an officer." *Id.* Plaintiff states she pled not guilty but received "60 days." *Id.* She requested the video and audio of the incident and stated, "I feel the officer P.R.I.A. [sic] sexually harassed me." *Id.* On October 19, 2022, the grievance was responded to:

> Your Administrative Remedy has been received, reviewed, and evaluated.
>
> INMATE KORNYLAK, Your Disciplinary Hearing was held on 10/04/2022; wherein you were found guilty based on the statement of facts, as well as the evidence presented at the hearing. During the investigation, you were afforded the opportunity to provide a written statement, but you refused. You also had the opportunity to request witnesses, as well as a camera review as your evidence. You also declined that opportunity. You have not provided any new information or mitigating factors not otherwise available to or known by the disciplinary team at the time of their review and action in connection with the rule infraction in question.

> Based on this information your grievance is Denied.
>
> You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form and providing attachments as required by 33-103 and forwarding your complaint to the office of inmate grievance.

*Id.* at 7. There are no records that Plaintiff sought further administrative review of this grievance.

2. <u>Grievance No. 2211-368-020</u>

On November 18, 2022, Plaintiff submitted a grievance to the Warden raising multiple issues. (Doc. 25-3 at 10). As relevant to her Complaint, Plaintiff claimed that she was "being sent to CM for a year" and that "all 7 of my medications were immediately stopped" when she arrived in the FDOC. *Id.* On December 2, 2022, the grievance was responded to:

> Your Administrative Remedy has been received, reviewed, and evaluated.
>
> INMATE KORNYLAK, Your request for administrative remedy is in non-compliance with Chapter 33-103.014(1)(a[)] Inmate Grievance procedure, which states each grievance must address only one issue or complaint. Your current request for administrative remedy address[es] more than one issue/or complaint.
>
> Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.
>
> Based on the foregoing information, your grievance is Returned Without Action.

*Id.* at 9. There are no records that Plaintiff sought further administrative review of this grievance.

3. Grievance Nos. 314-2309-0859 and 23-6-33804

On September 29, 2023, Plaintiff filed a grievance claiming, *inter alia*, that Lt. Ziman is "racist," and that Plaintiff has "already had a PREA issue." (Doc. 25-2 at 73). The grievance was denied on October 2, 2023. *Id.* On October 10, 2023, Plaintiff submitted an appeal to the Secretary, FDOC. *Id.* at 72. The appeal alleged racism, retaliation, and "fake" assault charges to cover-up uses of force. *Id.* On October 31, 2023, the appeal was responded to:

> Your request for administrative appeal is in non-compliance with Chapter 33-103, Inmate Grievance Procedure, as your appeal is so broad, general, and vague in nature that it cannot be clearly reviewed, evaluated, and responded to; and/or your appeal is not written legibly and cannot be clearly understood. Your appeal should present only the specific facts and circumstances related to your complaint. If you do not understand the grievance procedure, you should seek the assistance of another inmate or staff member.
>
> Based on the foregoing information, your appeal is returned without action.

*Id.* at 71. Plaintiff did not resubmit an appeal regarding these issues in a manner which complied with the grievance procedures.

Plaintiff, in response, appears to argue that she exhausted her claims to the extent the grievance process was available. *See Ross*, 578 U.S. at 642. She claims that she had "no access to long form grievances" and was therefore unable "to appeal an informal D.R." (Doc. 27 at 1–2).

Accepting Plaintiff's factual allegations as true, the Complaint is subject to dismissal for failure to exhaust administrative remedies. Plaintiff failed to properly[2] exhaust her administrative remedies prior to bringing this action. *Woodford*, 548 U.S. at 93 ("the PLRA exhaustion requirement requires proper exhaustion"). Plaintiff did not complete all three steps of the grievance process. While Plaintiff claims that she did not have access to certain grievance forms, her claim is refuted by the records showing she filed 114 informal grievances, 26 formal grievances, and 30 grievance appeals. *See* Doc. 25 at 7; Doc. 25-2 at 2–100; Doc. 25-3 at 2–72; Doc. 25-4 at 2–126.

Defendants have met their burden in proving that Plaintiff has failed to exhaust her available administrative remedies before filing this lawsuit. *See Woodford*, 548 U.S. at 93–94; *Jones*, 549 U.S. at 211. Therefore, Plaintiff did not fulfill the prerequisite to filing this action.

## IV. Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

1. Defendants' Motion to Dismiss (Doc. 25) is **GRANTED**. The matter is **dismissed without prejudice**.
2. The Clerk of Court shall terminate any pending motions and close this case.

[2] "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.

**DONE** and **ORDERED** in Tampa, Florida on November 16, 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
*Pro Se* Party
Counsel of Record